

# United States Department of Justice

### United States Attorney's Office
### Western District of Louisiana

|  |  |
|---|---|
| *United States Courthouse*<br>*300 Fannin Street, Suite 3201*<br>*Shreveport, Louisiana 71101*<br>*Phone: 318-676-3600*<br>*Fax:    318-676-3641* | *United States Courthouse*<br>*800 Lafayette Street, Suite 2200*<br>*Lafayette, Louisiana 70501*<br>*Phone: 337-262-6618*<br>*Fax:    337-262-6682* |

Honorable Lance M. Africk
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130

> Re:    *United States v. Robert Hjortsberg*
>         Criminal Docket No. 21-cr-00009

Dear Judge Africk:

In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Robert Hjortsberg, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Frank G. DeSalvo, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

The Government has agreed that should the Court accept the defendant's plea of guilty to Count 1 of the Bill of Information that it will not prosecute the defendant for any other offense known to the United States Attorney's Office, based on the investigation, which forms the basis of the Bill of Information. The defendant understands that this does not apply to crimes of violence that the defendant may have committed.

The defendant further understands that the maximum penalty defendant may receive should his plea of guilty be accepted is not more than one (1) year imprisonment and a fine up to $25,000, with the costs of prosecution under Title 26, United States Code, Section 7206.

Pursuant to Section 3E1.1, Acceptance of Responsibility, of the U.S. Sentencing Guidelines, the Government agrees to a two (2) level decrease in the offense level for the defendant's timely acceptance of responsibility. Further, the Government moves pursuant to U.S.S.G. § 3E1.1(b) for the Defendant to receive a one point reduction in his offense level should that offense level be 16 or greater, as the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea

of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.

The defendant agrees to pay $31,651.00 in restitution to the IRS. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. The defendant further acknowledges and understands that, notwithstanding any payment schedule imposed at sentencing or during probation or supervised release, restitution is due and payable in full immediately upon entry of the judgment of conviction.

Further, the defendant understands that a mandatory special assessment fee of $50.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code.  This special assessment must be paid on the date of sentencing.  Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to one (1) year pursuant to Title 18, United States Code, Section 3583.  Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court.  Defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of *coram nobis* and *audita querela*.  Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a.      Waives and gives up any right to appeal or contest his/ guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his/ sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b.      Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c.      Waives and gives up any right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of *coram nobis* and *audita querela*, and any other collateral challenges to *his/her sentence of any kind; and

d.      The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release. The defendant is also aware that in determining a fair and just sentence, the Court has the authority and discretion, pursuant to Title 18, United States Code, Sections 3553 and 3661 and the United States Sentencing Guidelines, to consider any and all "relevant conduct" that the defendant was involved in, the nature and circumstances of the offenses, and the history and characteristics of the defendant.

In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws his decision to plead guilty, his guilty plea is later withdrawn or otherwise set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets currently or previously within defendant's

possession.  It is also understood that defendant will provide any and all financial information and documentation requested by the government, agrees to voluntarily execute a complete and thorough Financial Statement of Debtor, and further agrees to provide the requested List of Items that is attached to the Financial Statement. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program.  The defendant waives any objection to his inclusion in the Treasury Offset Program.

The defendant understands that the statements set forth above and in the attached **SEALED** document (Attachment "A") represents defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

ALEXANDER C. VAN HOOK
ACTING UNITED STATES ATTORNEY

_____ 3/2/21
KELLY P. UEBINGER          Date
DAVID J. AYO
Assistant United States Attorneys

_____
2/26/2021
Date

_____
FRANK G. DESALVO
Attorney for Defendant

_____
ROBERT HJORTSBERG
Defendant

2/23/2021
Date